Seth R. Lesser
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Telephone: (856) 663-8200
Facsimile: (856) 661-8400
 -and-
110 East 55th Street
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-3735

Elizabeth J. Cabraser
Heather A. Foster
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Individual and Representative Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOREN and KAY BYERS, and CAMILLA BRANKOV, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>MENU FOODS INCOME FUND, MENU FOODS, INC. a New Jersey corporation, MENU FOODS MIDWEST CORP. a Delaware corporation, MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, and MENU FOODS SOUTH DAKOTA CORP., and DOES 1 – 50,<br><br>            Defendants. | Civil Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) NEGLIGENCE;**<br>**(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>**(3) STRICT PRODUCT LIABILITY;**<br>**(4) BREACH OF IMPLIFEDWARRANTIES;**<br>**(5) UNJUST ENRICHMENT;**<br>**(6) VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Loren and Kay Byers, and Camilla Brankov, individually on behalf of themselves, and on behalf of all others similarly situated, on information and belief allege as follows:

## INTRODUCTION

1. This is a class action lawsuit brought on behalf of pet owners who purchased pet food produced, manufactured and/or distributed by Defendants that caused illness, injury, and/or death to their pets.

2. Plaintiffs are informed and believe that there are thousands of pets throughout the United States who ingested Defendants' products and as a result became ill and/or died and required their owners to incur substantial veterinarian and related expenses.

3. Defendants MENU FOODS INCOME FUND, MENU FOODS, INC. a New Jersey corporation, MENU FOODS MIDWEST CORP. a Delaware corporation, MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, and MENU FOODS SOUTH DAKOTA CORP. (hereinafter referred to as Defendants) are leading North American private label manufactures and/or distributors of wet and dry pet food products sold by supermarket retailers, "warehouse" retailers, pet specialty retailers and other wholesale or retail outlets such as Wal-Mart Stores, Inc., Safeway Inc., Petsmart, Inc. Giant Foods and other large retail chains. Defendants produce hundreds of millions of containers of pet food annually. All of these Defendants are affiliated and owned and are operated by and under the supervision, directly or indirectly, of Defendant MENU FOODS INCOME FUND.

4. Defendants designed, manufactured, marketed, advertised and warranted their pet food products to be safe, fit for ordinary purpose (consumption by household pets) and free from defects. Defendants produced the pet food products with the intent that consumers would purchase the products, and have their pets consume them. The pet food products were intended to be placed in the stream of commerce and distributed and sold to plaintiffs and purchasers in the United States and fed to household pets.

5. Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on their own behalf and as representative plaintiffs of a class of persons consisting of all persons in the United States who purchased, or incurred damages by the use of pet food produced, manufactured, and/or distributed by Defendants that was or will be recalled by Defendants, including that produced from December 3, 2006 up to and including March 6,2007 (hereinafter referred to as the Class). The Class excludes Defendants, their employees and agents, and all individual officers and their staffs to whom this action may be assigned.

6. The individual plaintiffs named herein are owners of pets which have been seriously injured or killed as a direct result of ingesting products manufactured, sold and/or distributed by Defendants. As a result of the use of Defendants' defective products, plaintiffs and members of the Class incurred substantial veterinary bills, and/or suffered the loss of their pet.

7. Plaintiffs file this action seeking relief for themselves, and all persons in the United States who purchased or used Defendants' products, including the following: (1) a Court approved and supervised emergency notice that warns all plaintiffs and Class members, to immediately cease the use of Defendants' products, and informs them of all potential risks and dangers of ingesting Defendants' products, including up-to-date information regarding the diagnosis and treatment of injuries which result from Defendants' products; (2) an order for the immediate removal of all potentially harmful products from the stream of commerce; (3) actual and compensatory damages and out-of-pocket costs; (4) disgorgement, for the benefit of the Class, of all of Defendants' ill-gotten profits received from the sale of the offending products, and/or full restitution to Plaintiffs and the members of the Class; and (5) attorneys' fees and costs.

8. Defendants know and have admitted that certain of their products are defective and caused injury and death to household pets, and on March 16, 2007 initiated a partial recall of some products. Defendants either knew or should have knows that their products were defective and presented a serious risk to the health and safety of animals prior to this recall.

## JURISDICTION

9. This Court has original and subject matter jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d) because (a) plaintiffs and members of the putative class are citizens of states different from those of which Menu Foods is a citizen, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs and (c) none of the jurisdictional exceptions contained in 28 U.S.C. Section 1332(d)(4 - 5) applies in this action.

## VENUE

10. Venue is proper in this district under, *inter alia*, 28 U.S.C. Sections 1391(a)(1), because Defendants conduct business herein and Defendant Menu Foods, Inc. is a New Jersey corporation.

## PARTIES

**PLAINTIFFS**

11. Plaintiffs Loren and Kay Byers are Texas citizens who reside in Irving (Dallas County), Texas. Plaintiffs purchased Great Choice canned dog food (Beef Cuts in Gravy) at Petsmart in Irving, Texas, in early March 2007, and fed it to their healthy German Shepherd five-year-old dog, Ranger. Ranger soon became violently ill as a result of ingesting Defendants' products, and died of kidney failure three days later, despite prompt veterinary treatment and antibiotic medication. Ranger's companion, also a German Shepherd, also ate the same food, also became seriously ill, required veterinary treatment and medication, but is recovering. The Byers assert individual and class claims for damages and injunctive and equitable relief.

12. Plaintiff Camilla Brankov is a California citizen, who resides in Red Bluff, in the county of Tehama. Plaintiff Brankov purchased Defendants' NutroMax product in early January 2007 at Petsmart in Redding, California, and fed it to her healthy dog, Lucy, who soon became violently ill as a result, requiring extensive treatment and ongoing medication for kidney failure. Lucy now requires daily Prednisone medication and monthly Cortin injections, at a cost of over $120 a month. She will require this treatment for the rest of her life. Her vet bills total

over $1300 to date. Plaintiff asserts individual and class claims for damages and injunctive and equitable relief.

**DEFENDANTS**

13. Defendant, MENU FOODS INCOME FUND is an unincorporated open-ended trust established under the laws of the Province of Ontario with its principal place of business in Ontario, Canada. The Income Fund controls, directly or indirectly, the other Defendants engaged in the manufacture and/or distribution of the pet food products.

14. Defendant, MENU FOODS INC. is a New Jersey corporation affiliated with the other Defendants and involve din their activities relating to the manufacture, sale and/or distribution of the pet food products.

15. Defendant, MENU FOODS MIDWEST CORP. is a Delaware corporation affiliated with the other Defendants and involve din their activities relating to the manufacture, sale and/or distribution of the pet food products.

16. Defendant, MENU FOODS SOUTH DAKOTA CORP. is a Delaware corporation affiliated with the other Defendants and involve din their activities relating to the manufacture, sale and/or distribution of the pet food products.

17. Defendant, MENU FOODS HOLDINGS, INC. is a Delaware corporation affiliated with the other Defendants and involve din their activities relating to the manufacture, sale and/or distribution of the pet food products.

18. Defendant, MENU FOODS LIMITED manufactures and sells wet pet food products to retail customers and brand owners throughout North America. MENU FOODS LIMITED owns the Kansas and New Jersey manufacturing plants which produced the recalled pet food products.

19. Plaintiffs allege that, at all times relevant to this litigation, each of the Defendants were the agents, servants, employees, and/or alter egos, of each of the remaining Defendants, and at all times were acting within the course and scope of said agency, service, employment and capacity.

**FACTUAL ALLEGATIONS**

20. At all relevant times, Defendant MENU FOODS, INC., marketed, distributed an/or sold pet food products in the United States.

21. Defendants marketed, distributed, sold, advertised, and otherwise represented to the public, including plaintiffs, that their products were, among other things, safe and effective for purported use.

22. On information and belief, Plaintiffs allege that said representations were false, in that some or all of the pet food products marketed, distributed and sold in the United States, and purchased by plaintiffs and consumed by their pets, contained harmful and toxic substances, including, but not limited to, contaminated wheat gluten, which can cause liver and kidney dysfunction and failure, vomiting, jaundice, loss of appetite and other health problems and/or death in pets.

23. Plaintiffs and the Class have suffered injury and damages including but not limited to the illness and/or death of plaintiffs' pets, the emotional distress and loss of companionship suffered by plaintiffs due to the illness and/or death of their pets, the costs of their pets' past and future expected veterinary care related to their ingestion of Defendants' products (including but not limited to: periodic and regular blood testing, medications, periodic and ongoing office visits, and special prescription pet food), burial and cremation related costs, the purchase costs of plaintiffs' pets and monies otherwise invested by plaintiffs in their pets' expected future, lost income to those plaintiffs who derived income from breeding their pets, lost income of those plaintiffs who lost work as a result of the need to attend to their pets' emergency and other medical needs, the cost of the products consumed by plaintiffs' pets plus the cost of all products purchased but unused by plaintiffs, costs incidental to all of the above, and other injuries and damages.

24. Defendants have an ongoing duty to immediately warn and notify plaintiffs, the Class, and all breeders and veterinarians of all potential risks and dangers of

ingesting their products, and to immediately provide them with information regarding the diagnosis and treatment of injuries which may result from ingesting their products.

25. This notice and warning is necessary so that those who have not already fed Defendants' products to their pets will refrain from doing so, and so that owners of pets who have already ingested Defendants' products will cease feeding it to their pets and will more quickly and readily identify the cause of their pets' illnesses and promptly seek appropriate veterinary treatment, whether or not they are exhibiting immediate symptoms.

26. Absent this warning and notice, numerous Class members will likely delay, forego, or fail to realize the need for promptly seeking veterinary diagnosis and treatment, and will lack sufficient information necessary for the proper treatment of pets presenting serious illness as a result of ingesting Defendants' products, which may result in an increase of the severity of the illness or death. Early detection and diagnosis is thus invaluable since it may prevent suffering and/or death.

27. Thus, without the requested emergency notice the Class would suffer irreparable harm. Damages are not an adequate substitute for preventing the demise of plaintiffs' beloved pets.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of a proposed Plaintiff Class pursuant to Federal Rule of Civil Procedure Section 23.

29. The Class is defined as: All individuals who reside in the United States and: (a) own cats or dogs which became ill or died following ingestion of any of Defendants' pet food or pet food products; (b) own pets which ingested Defendants' pet food products; and (c) purchased Defendants' pet food products. Excluded from the Class are individuals who have filed individual actions based on claims arising from the above acts. Also excluded are Defendants and Defendants' employees, Defendants' employees' immediate family, and

Defendants' representatives, agents, and assigns. Also excluded are the judge to whom this case is assigned and any member of the judge's staff and immediate family.

   30. Plaintiffs are informed and believe that the Class is comprised of hundreds if not thousands of individuals, making joinder impracticable. The disposition of the claims of these Class members in a single class action will provide substantial benefits to all parties and to the Court.

   31. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class members, purchased Defendants' pet food products in the United States on or after December 6, 2006, and, like numerous Class members, own pets that have either suffered illnesses or death following ingestion of Defendants' product or are at risk for suffering illnesses or death following ingestion of Defendants' product. Furthermore, the factual bases of Defendants' misconduct are common to all Class members and represent a common thread of deliberate, reckless and/or negligent misconduct resulting in injury to all members of the Class.

   32. There are numerous questions of law and fact common to Plaintiffs and the Class members, and those questions predominate over any questions that may affect individual Class members, and include the following:

    a. Whether Defendants breached their duty to Plaintiffs and the Class members to exercise reasonable and ordinary care in the manufacture and/or distribution of their pet food products;

    b. Whether and when Defendants knew or should have known that their products contained substances which created an unreasonable risk of causing serious bodily injury or death to pets when consumed;

    c. Whether Defendants failed to conduct adequate quality control and testing of samples of their products to assure that the product was safe and non-toxic;

        d.      Whether Defendants failed to adequately and timely warn Plaintiffs, distributors, breeders, veterinarians, and the relevant public of the unsafe and toxic nature of their products once injuries to pet consumers of the product were reported to Defendants;

        e.      Whether Defendants failed to timely recall and discontinue sale and distribution of their products once injuries to pet consumers of the product were reported to Defendants;

        f.      Whether it was foreseeable to Defendants that Plaintiffs would suffer the injuries and harm alleged in the complaint as a result of Defendants' failure to exercise ordinary care in the manufacture and/or distribution of their products;

        g.      Whether the conduct of Defendants was committed willfully or by gross negligence, in disregard of humanity, and whether Plaintiffs are entitled to exemplary and/or punitive damages;

        h.      Whether the products consumed by Plaintiffs' pets were defective in manufacture and/or formulation when it left the hands of Defendants;

        i.      Whether Defendants made misrepresentations concerning the qualities and ingredients of their pet food products;

        j.      Whether Defendants breached express or implied warranties by manufacturing and/or distributing pet food which causes illness or death if ingested; and

        k.      Whether Defendants should be ordered to provide emergency notice to the public and/ or breeders.

        33.      The named plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with vast experience in product liability, consumer, toxic tort and personal injury litigation, as well as counsel with substantial experience in prosecuting nationwide class actions involving product liability, consumer, toxic tort and personal injury litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on

behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

        34.     Plaintiffs and the members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most members of the Class would likely find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law. Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class members will continue to incur damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

        35.     In addition to monetary damages, plaintiffs seek injunctive relief which includes a Court-ordered and supervised emergency notice to Class members, breeders and veterinarians of potential harm and information regarding diagnosis and treatment of potential illnesses.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE

        36.     Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

        37.     Defendants had a duty to exercise reasonable care in the manufacture, sale, testing, quality assurance, quality control, warning, design, and distribution of their

products into the stream of commerce, including a duty to assure that the product did not cause any harm to pets or pet owners.

38. Defendants failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, design and/or distribution of their products in that Defendants caused and allowed the product to contain toxic and harmful substances, and sold and distributed the product, when they knew or should have known that the product contained such substances and/or that the product created an unreasonable risk of causing serious bodily injury and death to the pets which consumed the product, and of causing consequential financial and emotional harm to the owners and family of the pets which consumed the product.

39. Defendants were further negligent in that they:

   a. failed to use ordinary care in the manufacturing and design of their pet food products;

   b. failed to conduct adequate quality control and testing of samples of their pet food products to assure that the product was safe and non-toxic;

   c. failed to adequately and timely warn plaintiffs, distributors, veterinarians, and the relevant public of the unsafe and toxic nature of their products once injuries to pet consumers of the product were reported to Defendants;

   d. failed to discontinue sale and distribution of their products once injuries pet consumers of the product were reported to Defendants; and

   e. were otherwise careless or negligent.

40. Despite the fact that Defendants knew or should have known that their products caused unreasonable and serious bodily harm or death to pets, Defendants continued to market, distribute and sell to consumers and breeders including Plaintiffs.

41. Defendants conduct, as alleged herein, was negligent, careless, and reckless.

42. Defendants knew or should have known that the breeders and consumers such as Plaintiffs, and their pets, would foreseeably suffer such injuries and harm as a result of Defendants' failure to exercise ordinary care as described above.

43. As a direct and proximate cause of Defendants' conduct, Plaintiffs and the Class have suffered injury and damages including but not limited to the illness and/or death of plaintiffs' pets, the emotional distress and loss of companionship suffered by plaintiffs due to the illness and/or death of their pets, the costs of their pets' past and future expected medical care related to their ingestion of Defendants' products, pet burial and cremation related costs, the purchase costs of plaintiffs' pets and monies otherwise invested in their pets' expected future, lost income to those plaintiffs who derived income from breeding their pets, lost income to those plaintiffs who derived income from other working duties that their pets had, including but not limited to rescue or therapy tasks, lost income of those plaintiffs who lost work as a result of the need to attend to their pets' emergency and other medical needs, the cost of the products consumed by plaintiffs' pets plus the cost of all products purchased but unused by plaintiffs, costs incidental to all of the above, and other damages.

44. Wherefore, Plaintiffs and the Class are entitled to the relief set forth in the Prayer for Relief, below.

## SECOND CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

46. Defendants knew, or should have known, that their failure to exercise due care in the manufacture, sale, testing, quality assurance, quality control, design and/or distribution of their products would cause plaintiffs severe emotional distress, since serious bodily injury and/or death of plaintiffs' pets was a foreseeable result of Defendants' failure to exercise due care, and emotional distress of plaintiffs was a foreseeable and natural consequence of plaintiffs' their pets' illness or death.

47. As a direct and proximate cause of conduct, Plaintiffs and the Class members have suffered and will suffer mental anguish and emotional and physical distress, from the fear and trauma of witnessing and/or otherwise experiencing and dealing with the illness and/or death of their beloved pets and from losing the companionship of their beloved pets.

48. Wherefore, Plaintiffs and the Class are entitled to the relief set forth in the Prayer for Relief, below.

## THIRD CLAIM FOR RELIEF

## STRICT PRODUCT LIABILITY

## DEFECTIVE PRODUCT

49. Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

50. Defendants are manufacturers and/or suppliers of a variety of pet food products.

51. The pet food products manufactured and/or supplied by Defendants were defective in manufacture and/or formulation in that, when it left the hands of the manufacturer and/or suppliers, it was defective and unsafe for its intended purpose, was unreasonably dangerous, and was more dangerous than an ordinary consumer would expect and more

- 13 -

dangerous than other forms of pet food, in that it contained harmful and toxic substances, including tainted wheat gluten.

52. The pet food products manufactured and/or supplied by Defendants were further defective due to inadequate testing.

53. The pet food products manufactured and/or supplied by Defendants were defective due to inadequate post-marketing warning or instruction because, after the manufacturer(s) knew or should have known of the risk of illness or death from their products, they failed to timely or adequately warn users, breeders or consumers of the product and failed to adequately or timely recall the product.

54. As the direct and proximate result of the defective condition of the pet food products ingested by plaintiffs' pets, plaintiffs have suffered, and continue to suffer, the harms and damages heretofore and hereinafter described in this complaint.

55. The conduct of Defendants, as alleged herein, was committed willfully or by gross negligence, in disregard of humanity, entitling plaintiffs to exemplary damages. The conduct of Defendants alleged above was also willful, wanton, malicious and oppressive, and justifies the awarding of exemplary and punitive damages.

56. Wherefore, Plaintiffs and the Class are entitled to the relief set forth in the Prayer for Relief, below.

## FOURTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

57. Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

58. At the time Defendants manufactured, marketed, sold, and distributed their pet food products for use by Plaintiffs and others, Defendants were merchants with respect to this type of pet food, and impliedly warranted the product to be of merchantable quality and safe and fit for such use, and in fact superior to other pet foods on the market.

59. Plaintiffs reasonably relied upon the skill and judgment of Defendants, as to whether their products were of merchantable quality and safe and fit for its intended use.

60. Defendants breached that implied warranty in that their products purchased by plaintiffs were not of merchantable quality or safe or fit for its intended use, because the products were and are unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

61. As a direct and proximate result of the breach of said warranties, Plaintiffs and the Class suffered and will continue to suffer injury, harm and economic loss, as alleged herein, in amounts to be proven at trial.

62. Wherefore, Plaintiffs and the Class are entitled to the relief set forth in the Prayer for Relief, below.

## FIFTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

63. Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

64. By virtue of their obtaining monies from the manufacture, distribution, marketing and/or sale of pet food products that they knew, or reasonably should have known, were inherently defective, contaminated and not safe for the purpose of being fed to pets, Defendants have been unjustly enriched to the detriment of, and profited at the expense of,

- 15 -

Plaintiffs and the other members of the Class who paid monies for the defective pet food products.

65. Defendants' retention of the monies they gained through their wrongful and/or illegal acts and practices would be unjust considering the circumstances of their obtaining those monies.

66. Defendants should be required to make restitution to Plaintiffs and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched, as well as be required to provide the other relief sought forth in the Prayer for Relief, below.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

67. Plaintiff incorporates paragraphs 1-35, above, as though the same were fully set forth herein.

68. The actions and failures of Defendants constitute acts, uses, or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, by Defendants in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*.

69. Defendants misrepresented, in connection with the sale of pet food products, that such products were of superior quality, fit for ordinary purpose (consumption by household pets) and free from defects when, in actuality, the pet food was not.

70.     Defendants failed to disclose material information in connection with the sale of their pet food products the materials facts that the pet food was defective and contaminated.  Defendants made the knowing, concealment, suppression, or omission of these material facts relating to pet food with intent that others would rely upon such concealment, suppression or omission.

71.     The acts and practices of Defendants, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury, in amounts to e determined, to Plaintiffs and the other members of the Class who purchased Defendants' products.  As a result of Defendants' unlawful acts or practices, Plaintiffs and the other members of the Class, suffered an ascertainable loss of money as a result of the use or employment of methods, acts or practices declared unlawful by the New Jersey Consumer Fraud Act and brings this private action to recover damages in the amount necessary to adequately compensate them for their losses, as well as the other declaratory and injunctive relief set forth below.

72.     Plaintiffs request that this Court award them and the Class three times the amount of compensatory damages and attorneys' fees and costs, together with the other and further relief set forth in the Prayer for Relief, below.

### NOTICE TO ATTORNEY-GENERAL OF ACTION

73.     A copy of this Complaint shall be mailed to the Attorney General of the State of New Jersey within ten days after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray the Court to award the following relief:

1. Certification of the proposed Plaintiff Class;

2. An order for a Court-approved and supervised emergency notice immediately to warn Plaintiffs, Class members, veterinarians and breeders of all potential risks and dangers of ingesting Defendants' products, and to provide them with complete and up-to-date information regarding the diagnosis and treatment of injuries which may result from ingesting their products and that the Court order that such notice be a continuing duty;

3. An order requiring Defendants to immediately remove all potentially harmful products from the stream of commerce and not re-introduce it without substantive changes to the manufacturing process;

4. An order that Defendants institute stricter manufacture and quality control policies and practices to prevent this type of tragedy from recurring;

5. Compensatory and actual damages, including out-of-pocket costs and expenses for pet treatment, hospitalization, medication, euthanasia, and related reasonable and necessary expenses, according to proof;

6. Punitive damages for intentional, willful, reprehensible and/or wanton misconduct as herein alleged, according to proof;

7. Disgorgement, for the benefit of the Class, of all of Defendants' ill-gotten profits received from the sale of the offending products, and/or full restitution to Plaintiffs and the members of the Class;

8. An award of costs and attorneys' fees, as allowed by law, and/or from the common fund created hereby; and

9. Such other or further relief as the Court may deem fair, appropriate and just.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

DATED: April 13, 2007

By: _____
Seth R. Lesser

Seth R. Lesser
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Telephone: (856) 663-8200
Facsimile: (856) 661-8400
 -and-
110 East 55th Street
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-3735

DATED: April 13, 2007

By: _____
Elizabeth J. Cabraser

Elizabeth J. Cabraser (Pro hac vice admission to be filed)
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Individual and Representative Plaintiffs